IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN ANTHONY BUSH,

                  Plaintiff,

  v.

STATE OF WISCONSIN,                                OPINION and ORDER
DEPARTMENT OF CORRECTIONS,
STANLEY CORRECTIONAL INSTITUTION,          20-cv-848-jdp
REED RICHARDSON, BRANDON DROST,
THOMAS ZMAITIS, STEVEN ANGLEMYER, and
DARYL NAWROCKI,

                  Defendants.

---

      Pro se plaintiff Marvin Anthony Bush is an inmate at Stanley Correctional Institution. He alleges that the prison failed to remove snow and ice from its grounds and caused him to slip and fall. Bush seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Bush's allegations do not state a claim over which this court has jurisdiction. I will dismiss his complaint, and I will give him a short time to file an amended complaint that alleges facts supporting a federal constitutional claim or that establishes the basis for this court's jurisdiction over his state-law claim.

ALLEGATIONS OF FACT

I draw the following facts from Bush's complaint. Dkt. 1. The morning of January 5, 2020, defendant Daryl Nawrocki, a corrections officer, escorted Bush outdoors to unload a garbage cart from his housing unit into a set garbage cans outside. There was a sheet of frozen ice in front of the garbage cans. Bush tried to avoid the ice by pulling the garbage cart as close to the cans as possible, but he slipped and fell on the ice. Defendants Thomas Zmaitis and Steven Anglemyer, both maintenance supervisors, were responsible for snow and ice removal on prison grounds, but the ice and snow had not been cleared that morning.

ANALYSIS

Bush contends that defendants subjected him to unsafe working conditions and caused him to slip and fall by failing to remove snow and ice from the prison grounds. Bush does not specify the type of claim he is bringing, but pro se plaintiffs are not required to plead particular legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). I will consider Bush's allegations under the Eighth Amendment and state-law negligence, two legal theories that might fit the facts.

To state a claim under the Eighth Amendment, a prisoner may allege facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Federal courts consistently have held that slippery surfaces at prisons, including icy or snowy outdoor areas, do not violate the Eighth Amendment because slippery surfaces are a common public risk and the possibility of slipping does not constitute a substantial risk of harm. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014); *Acosta v. Maki*, No. 18-cv-726-jdp, 2018 WL 5016613, at *1 (W.D. Wis. Oct. 16, 2018)

(collecting cases); *Owens v. Carter*, No. 2:17-CV-00462-WTL-MPB, 2017 WL 4682812, at *2 (S.D. Ind. Oct. 18, 2017) (same). Courts have on occasion concluded that slippery surfaces pose a substantial risk of serious harm where additional hazardous factors are involved, such as a prisoner's disability or history of past falls and injuries. *Acosta,* 2018 WL 5016613, at *1. Bush has not alleged any such factors. He has failed to state an Eighth Amendment claim.

Bush has at most stated a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp,* 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. But a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Bush says that the amount at stake in his case is $350,000. But he does not allege that he and defendants are citizens of different states. To the contrary, his complaint suggests that most if not all of the parties are citizens of Wisconsin.

Bush's complaint does not state a federal claim for relief that this court may consider. But because he appears pro se, I will give him a chance to amend his complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("[W]hen a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). If Bush believes that he can state an Eighth Amendment claim related to his fall, he should draft new allegations as if he were telling a story to people who know nothing about the events at issue. In particular, he should explain why he believes defendants knowingly subjected him to a substantial risk of harm, if any factors made his slip-and-fall incident particularly

3

hazardous, and how each individual defendant was personally involved in the violation of his rights. Alternatively, he should amend his allegations to establish the basis for this court's jurisdiction by explaining that he and defendants are citizens of different states. If Bush fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Marvin Anthony Bush's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until February 24, 2021, to submit an amended complaint.

Entered February 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge