IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN ANTHONY BUSH,

                      Plaintiff,

   v.

STATE OF WISCONSIN,                                    OPINION and ORDER
DEPARTMENT OF CORRECTIONS,
STANLEY CORRECTIONAL INSTITUTION,                  20-cv-848-jdp
REED RICHARDSON, BRANDON DROST,
THOMAS ZMAITIS, STEVEN ANGLEMYER, and
DARYL NAWROCKI,

                      Defendants.

---

      Pro se plaintiff Marvin Anthony Bush contends that prison officials at Stanley Correctional Institution failed to remove snow and ice from its grounds and caused him to slip and fall. I dismissed Bush's first complaint because he failed to allege that the slippery conditions at the prison were dangerous enough to state an Eighth Amendment claim. Bush has filed an amended complaint. Dkt. 13. Because Bush is a prisoner suing government officials, I must screen his amended complaint as I did his original complaint, dismissing any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

      Bush's allegations still do not state an Eighth Amendment claim based on the slip-and-fall incident. Bush may be able to state an Eighth Amendment claim based on new allegations that prison staff failed to treat injuries from his fall. But Bush's current complaint does not identify which defendants were involved in his medical care. I will dismiss Bush's amended

complaint and allow him to file another amended complaint that clarifies which defendants failed to provide him with adequate medical care.

## ALLEGATIONS OF FACT

The following facts are drawn from Bush's amended complaint. Dkt. 13. The morning of January 5, 2020, Bush was taking out the garbage as part of his job as a custodian when he fell on a frozen sheet of ice that was covered with snow. Defendants Thomas Zmaitis and Steven Anglemyer, both maintenance supervisors, were responsible for snow and ice removal on prison grounds, but the snow and ice had not been cleared that morning.

Defendant Daryl Nawrocki, a corrections officer, was with Bush when he fell. Nawrocki asked Bush if he was okay, and Bush replied that he wasn't. He had injured his lower back and his leg. Bush was taken inside in a wheelchair and sent to Health Services Unit (HSU). A nurse examined him but did not give him x-rays, even though an x-ray machine was available. I infer that Bush asked to see a doctor but HSU didn't schedule a doctor's appointment for him.

Bush was given two weeks off from work and was told to contact HSU if his pain continued, which it did. Bush contacted HSU and saw several nurses over the next few weeks. He was still not seen by a doctor. HSU gave Bush Tylenol for his pain, but it didn't help. Bush was sent to the prison's physical therapist once a week for 30-45 minutes. In the fourteen months since his fall, his pain has not improved. He has had chronic lower back pain and recurring headaches from his fall.

ANALYSIS

A. Conditions of confinement claim

Bush alleges that defendants caused him to fall on ice by failing to clear snow from the prison's sidewalk. To state a conditions-of-confinement claim under the Eighth Amendment, a prisoner may allege facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Federal courts consistently have held that slippery surfaces at prisons do not violate the Eighth Amendment unless there were particularly hazardous factors at play, such as a prisoner's disability or history of falls and injuries. *Acosta v. Maki*, No. 18-cv-726-jdp, 2018 WL 5016613, at *1 (W.D. Wis. Oct. 16, 2018). Bush's allegations concerning the slip-and-fall incident are virtually identical to those in his initial complaint, and they do not suggest that the icy sidewalk posed an unusually dangerous risk of harm to him. He has failed to state a conditions-of-confinement claim.

B. Medical care claim

In his amended complaint, Bush adds allegations that prison officials failed to treat his injuries from his fall. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a deliberate indifference claim, Smith must allege that each defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v.*

*Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Bush's alleged injuries and pain were a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1370–71 (7th Cir. 1997) (painful injuries can be a serious medical need). Bush alleges that staff at HSU were aware of his injuries and pain because several nurses examined him and because he contacted HSU about his continuing pain. Bush alleges that staff members at HSU didn't take reasonable steps to address his needs by failing to diagnose his injuries or treat his ongoing pain. Specifically, Bush alleges that he has not been allowed to see a doctor, has been given inadequate pain medication, and has not received an x-ray or other tests. But Bush does not specify which prison defendants were involved in denying him proper medical care.

I will give Bush another opportunity to submit an amended complaint that more clearly explains which defendants were aware of his injury and failed to take reasonable steps to address his medical needs. He should draft new allegations as if he were telling a story to people who know nothing about the events at issue. Rather than attribute actions to HSU generally, Bush should specify which HSU staff member was responsible. Bush may name new defendants that are not included in his original or amended complaints. If Bush doesn't know the name of a particular defendant, he may refer to him or her as a John or Jane Doe #1, John or Jane Doe #2, etc., for now. If Bush fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Marvin Anthony Bush's amended complaint, Dkt. 13, is DISMISSED.

2. Plaintiff may have until August 30, 2021 to submit a second amended complaint.

Entered August 6, 2021.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge