IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN ANTHONY BUSH,

Plaintiff,

v.                                                    OPINION and ORDER

MRS. L. KRUZAN, MRS. ANDERSON, and JOHN                20-cv-848-jdp
DOE 1,

Defendants.

---

Pro se plaintiff Marvin Anthony Bush alleges that medical staff at his former prison, Stanley Correctional Institution (SCI), failed to properly diagnose and treat his injuries and pain stemming from a slip-and-fall accident. Defendants have moved for summary judgment, contending that Bush failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 28. I will grant defendants' motion and dismiss this case without prejudice for failure to exhaust administrative remedies.

BACKGROUND

On January 8, 2021, Bush filed an inmate complaint alleging that he slipped and fell on ice while taking out the trash at SCI. Dkt. 30-2 at 11. Bush stated that the issue was that the garbage area was "not being shoveled before custodians ha[d] to take out the unit garbage." *Id.* Bush alleged that the fall caused him severe back pain and that he was taken to the health services unit (HSU) for an examination. *Id.* Bush added that he received time off work and was told to contact the HSU if he continued having pain. *Id.* The institution complaint examiner affirmed Bush's complaint, finding that the area was icy and that "there [was] a need to ensure [the] ice ha[d] sand on it." *Id.* at 8. The reviewing authority affirmed. *Id.*

Bush appealed the reviewing authority's decision, contending that salt, not sand, should be used in the area. *Id.* at 18. The corrections complaint examiner recommended affirming the reviewing authority's decision. *Id.* at 6. The secretary of the Department of Corrections (DOC) adopted the corrections complaint examiner's recommendation. *Id.* at 9.

I allowed Bush to proceed on an Eighth Amendment medical care claim based on allegations that defendants failed to: (1) give Bush an X-ray or otherwise diagnose his injuries; and (2) adequately treat his pain caused by the slip-and-fall. *See* Dkt. 19 at 4. Defendants moved for summary judgment, contending that Bush's inmate complaint "did not touch on any of the medical care (or lack thereof) that he has complained about in this lawsuit." *See* Dkt. 29 at 7. In response, Bush contends that his claims are exhausted because the 14-day period in which to file an inmate complaint has expired. *See* Dkt. 38. Defendants replied. *See* Dkt. 35 and Dkt. 39.

## PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the

PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The DOC maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. The complaint process starts with a prisoner's filing of a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." Wis. Admin. Code DOC § 310.07(2). A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Defendants contend, and the record reflects, that Bush failed to raise the issue of his medical care in his inmate complaint and appeal. *See* Dkt. 30-2 at 11, 18. Bush does not dispute the point. *See* Dkt. 38. His inmate complaint and appeal failed to satisfy the primary purpose of the PLRA's exhaustion requirement, which is "to alert the state to the problem and invite corrective action." *See Turley*, 729 F.3d at 649 (alteration adopted). Bush informed SCI officials about the icy conditions, and they responded to those conditions. But Bush's inmate complaint

did not inform SCI officials that he believed he was receiving inadequate medical treatment for his injuries.

Bush contends that it is now impossible for him exhaust his administrative remedies because it is more than 14 days after the incident. But there is no futility exception to the PLRA's exhaustion requirements. *See, e.g.*, *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try."); *see also* Wis. Admin. Code DOC § 310.07(2) ("[A] late complaint may be accepted for good cause."); *McCoy v. Gilbert*, 270 F.3d 503, 511 (7th Cir. 2001) (because prison "had the authority to take some sort of action with respect to a tardy complaint," the prisoner had to make "an attempt to use [the prison's] administrative process").

Perhaps Bush means to argue that it was more than 14 days after his fall before he knew that his medical care was inadequate. But he could have filed a separate inmate complaint about his medical care, but he didn't do that either.

Defendants have shown that administrative remedies were available. Bush filed several inmate complaints at SCI, Dkt. 30-1 at 1, and does not allege that DOC officials failed to "respond to a properly filed grievance or otherwise use[d] affirmative misconduct to prevent [him] from exhausting." *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because defendants have shown that Bush failed to exhaust the administrative remedies that were available to him, I will grant their motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 28, is GRANTED. This case is DISMISSED without prejudice for failure to exhaust administrative remedies.

4

2. All pending motions are DENIED as moot.

3. The clerk of court is directed to enter judgment and send plaintiff a copy of this order.

Entered May 30, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge